# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

DAVID MANUEL ARRELLANO,

   Plaintiff,

v.

SECURITY FINANCE CORPORATION,

   Defendant.

Case No. 5:19-cv-00093

## COMPLAINT

NOW COMES Plaintiff, DAVID MANUEL ARRELLANO, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, SECURITY FINANCE CORPORATION, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. DAVID MANUEL ARRELLANO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Wolfforth, Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. SECURITY FINANCE CORPORATION ("Security Finance") is a foreign corporation with its principal place of business in Spartanburg, South Carolina.

7. Security Finance is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4702.

9. At all times relevant, Plaintiff's number ending in 4702 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

11. In January 2019, Plaintiff applied for and obtained an unsecured installment loan from Security Finance.

12. Plaintiff fell sick; resulting in financial hardship. Plaintiff ultimately defaulted on payments.

13. On March 20, 2019, Security Finance placed (or caused to be placed) phone calls to Plaintiff seeking to collect on Plaintiff's delinquent loan.

14. Plaintiff answered. Plaintiff experienced noticeable pause prior to being connected to Security Finance's representative.

15. Plaintiff instantly requested that Security Finance stop calling; providing Security Finance with Plaintiff's attorney's contact information.

16. In spite of Plaintiff's request, Plaintiff continues to receive collection phone calls from Security Finance.

17. In total, Security Finance placed (or caused to be placed) no less than 50 unconsented-to phone calls to Plaintiff's cellular telephone, including, but not limited to on:

| | |
|---|---|
| April 30, 2019 | May 10, 2019 |
| May 2, 2019 | May 11, 2019 |
| May 3, 2019 | May 13, 2019 |
| May 6, 2019 | May 14, 2019 |
| May 7, 2019 | May 14, 2019 |
| May 8, 2019 | May 15, 2019 |
| May 8, 2019 | May 16, 2019 |
| May 9, 2019 | May 18, 2019 |
| | May 20, 2019 |

18. Security Finance's unconsented-to phone calls resulted in aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

19. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

20. Security Finance placed or caused to be placed no less than 50 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone

utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

21. Upon information and belief, based on the "clear pause" Plaintiff experienced, Security Finance employed an ATDS to place calls to Plaintiff's cellular telephone.

22. Upon information and belief, the ATDS employed by Security Finance transfers the call to a live representative once a human voice is detected, hence the clear pause.

23. Upon information and belief, the ATDS employed by Security Finance has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

24. Upon information and belief, Security Finance acted through its agents, employees, and/or representatives at all times relevant.

25. As a result of Security Finance violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

26. As a result of Security Finance's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Security Finance violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 23, 2019                              Respectfully submitted,

**DAVID MANUEL ARRELLANO**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com